UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BONNIE OLSEN,

    Plaintiff,

v.                                      Case No: 2:16-cv-870-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Bonnie Olsen's Complaint (Doc. 1) filed on December 8, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED in part AND REVERSED AND REMANDED in part** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On July 24, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 92, 161-65). Plaintiff asserted an onset date of July 1, 2012. (*Id.* at 161). On January 23, 2016, Plaintiff amended her onset date to January 1, 2013. (*Id.* at 178-79). Plaintiff's application was denied initially on October 30, 2013 and on reconsideration on March 11, 2014. (*Id.* at 92, 93). A hearing was held before Administrative Law Judge ("ALJ") William G. Reamon on February 1, 2016. (*Id.* at 39-80). The ALJ issued an unfavorable decision on May 12, 2016. (*Id.* at 17-27). The ALJ found Plaintiff not to be under a disability from July 1, 2012, through the date of the decision. (*Id.* at 27).

On October 21, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on December 8, 2016. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 17).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2012, the alleged onset date. (*Id.*).[2] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bilateral knee osteoarthritis; left total knee replacement; cervical spine spondylosis/degenerative disc disease/facet mediated pain; and venous insufficiency (20 C.F. R. § 404.1520(c)). (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 22).

At step four, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant is limited to standing/and or walking up to 4 hours in an 8 hour day; sitting up to 6 hours in an 8 hour day; no climbing of ladders, ropes, or scaffolds; no kneeling or crawling; occasional climbing of ramps and stairs; and occasional balancing, stooping, and crouching. In addition, the claimant must avoid concentrated exposure to extreme

---

January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[2] The Court notes that the alleged onset date was amended to January 1, 2013. (Tr. at 178-79). Even though the ALJ cites to the earlier onset date, the error is harmless.

cold and humidity, and even moderate exposure to vibration and hazards, such as dangerous moving machinery and unprotected heights.

(*Id.* at 23). The ALJ determined that Plaintiff was able to perform her past relevant work as a caseworker. (*Id.* at 26). The ALJ concluded that Plaintiff was not under a disability from July 1, 2012, through the date of the decision. (*Id.* at 27).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are:

1) The ALJ failed to consider the combined effects of Olsen's bilateral knee disorders. This has resulted in a residual functional capacity assessment that is not supported by substantial evidence; and

2) The ALJ's conclusion that Olsen can perform her past skilled job fails to consider the effects of Olsen's non-severe mental impairments per 20 C.F. R. § 404.1545(a)(2).

(Doc. 14 at 3). The Court addresses each issue in turn.

### A. Combined Effects of Plaintiff's Bilateral Knee Disorders

Plaintiff argues that even though the ALJ found Plaintiff's left and right knee osteoarthritis to be severe impairments, Plaintiff claims that the ALJ did not consider the combined total limiting effects of both of these impairments. (Doc. 14 at 9) Rather, Plaintiff claims that the ALJ focused on each knee separately. (*Id.*). The Commissioner argues that the record establishes that the ALJ considered Plaintiff's bilateral knee impairments as well as all of her symptoms in combination when determining Plaintiff's RFC. (Doc. 15 at 8-9).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and, based on that determination, to decide whether the claimant is able to return to his or her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ

must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e).

Turning to the ALJ's decision, in making his findings, the ALJ states that he "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 [C.F.R. §] 404.1529 and SSR 96-4p." (*Id.* at 23). To support his decision, the ALJ thoroughly considered the medical evidence of record, including the opinion concerning Plaintiff's *bilateral* knee impairments. (Tr. at 24-26). The ALJ acknowledged that Plaintiff alleged she was unable to work due, *inter alia*, to her bilateral knee problems. *Id.* Thereafter, the ALJ summarized Plaintiff's medical history concerning Plaintiff's bilateral knee osteoarthritis. (*Id.* at 24). At the conclusion of the RFC determination, the ALJ specifically mentioned Plaintiff's *bilateral* knee pain by stating that he accommodated this limitation when finding Plaintiff was limited to light work. (*Id.* at 25).

The ALJ clearly considered Plaintiff's severe impairment of bilateral knee osteoarthritis when determining Plaintiff's RFC. The ALJ stated that he considered all of Plaintiff's symptoms when formulating Plaintiff's RFC and further specifically accommodated Plaintiff's bilateral knee pain by finding her limited to light work. Accordingly, the Court finds that the ALJ did not err in his consideration of Plaintiff's bilateral knee limitations.

### B. Non-Severe Mental Impairments

Plaintiff argues that the ALJ erred in failing to consider the effects of Plaintiff's mental impairments when the ALJ determined Plaintiff's RFC. (Doc. 14 at 12). Specifically, Plaintiff asserts that the ALJ assigned great weight to the findings of the state agency psychologist, Dr. Bowman, but did not include Dr. Bowman's finding that Plaintiff was limited to performing only

simple directions and instructions as opposed to those found in skilled work. (*Id.* at 14-15). The Commissioner argues that the ALJ found Plaintiff's mental impairments non-severe and Plaintiff has not demonstrated that her anxiety or ADHD warranted any additional limitations in her ability to work. (Doc. 15 at 9).[3]

In determining Plaintiff's RFC, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e). Thus, even though the ALJ did not consider Plaintiff's mental impairments severe, he must consider this evidence with all other relevant medical evidence to determined Plaintiff's RFC.

In the decision, the ALJ acknowledged Plaintiff's mental impairments of anxiety disorder and attention deficit disorder. (Tr. at 20). The ALJ found that these impairments do not cause more than minimal limitations in Plaintiff's ability to perform basic, mental work activities and, therefore, the ALJ found them to be non-severe impairments. (*Id.*). The ALJ concluded that Plaintiff had no limitations in activities of daily living, no limitation in social functioning, and mild limitations in concentration, persistence, or pace. (*Id.*). As to concentration, persistence, or pace, the ALJ noted that Plaintiff reported she finishes what she starts, has difficulty following written instruction, and has no problems with spoken instructions. (*Id.*). Also, the ALJ found Plaintiff able to handle changes in routine. (*Id.*). Further, the ALJ indicated that a consultative

---

[3] The Commissioner contends that, "[a]t the outset, Plaintiff never specifically alleged disability due to a mental impairment." (Doc. 15 at 9). The Commissioner implies that this failure alone could dispose of the claim as the ALJ is under no obligation to investigate a claim not presented at the time of the application and not offered at the hearing as a basis for disability, citing the non-binding case of *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996). *Id.* at 9-10. In the instant case, however, the ALJ considered Plaintiff's mental impairments and considered Dr. Bowman's opinion relating to these impairments. (Tr. at 20-21). Thus, the Court also considers the ALJ's conclusions as to Plaintiff's alleged mental health impairments

examination showed that Plaintiff's attention and concentration were only mildly impaired as she was able to do counting and simple calculations. (*Id.*).

As to the opinion evidence regarding Plaintiff's mental impairments, the ALJ gave great weight to the consultative examination of Paula Bowman, Psy.D. "because her opinion is well supported by her examination of the claimant and it is consistent with the medical evidence of record relative to the claimant's psychiatric treatment (Exhibit 11F)." (*Id.* at 21). From this examination, the ALJ noted the following:

> [Plaintiff] was cooperative with good eye contact and adequate personal hygiene. In addition, she had fluent and adequate speech, coherent and goal directed thought processes, clear sensorium, average intelligence, and fair to good insight and judgment. While she did have some impairment with attention and concentration and memory, it was noted as mild. Further, medical records indicated her mental health symptoms were stable on medication (Exhibits 17F/8, 20, 28; 18F/2, 4, 9, 10). Mental status exams showed she was alert and oriented with clear speech, intact memory, intact attention, intact fund of knowledge, and appropriate mood and affect (Exhibits 8F; 9F; l0F/3).

(*Id.*). Further, the ALJ also gave great weight to the opinions of State agency psychological consultants who opined that Plaintiff's affective disorders were nonsevere. (*Id.*)

Because the ALJ afforded great weight to Dr. Bowman's opinion, the Court turns to her finding. On October 21, 2013, Dr. Bowman conducted a consultative examination. (*Id.* at 530). The ALJ correctly summarized Dr. Bowman's opinion in the decision. However, the ALJ failed to mention Dr. Bowman's conclusion. Dr. Bowman determined:

> Vocationally, the claimant can follow and understand simple directions and instructions, perform simple tasks independently. She has mild difficulty maintaining attention and concentration. She can maintain a regular schedule. She has mild difficulty learning new tasks. She can perform complex tasks with supervision. She can make appropriate decisions. She can relate adequately with others. She has mild difficulty appropriately coping with stress. Difficulties are caused by symptoms related to depression and anxiety. The results of the examination appear to be consistent with stress-related problems, but in itself this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis.

(*Id.* at 533). Thus, Dr. Bowman determined that Plaintiff was able to understand simple directions and instructions and perform them independently, but needed supervision to perform complex tasks. (*Id.*). Even though the ALJ afforded great weight to Dr. Bowman's opinion, he did not include Dr. Bowman's limitations to simple directions and instructions in the RFC and provided no reason or explanation for such.

Interestingly, the ALJ's first hypothetical to the vocational expert indicated the following as to Plaintiff's SVP level: "I think she's got some attentional deficit, probably from what she describes medications seem to be helping that to some degree. But, I think SVP 7 level work with that issue would be out of line, I would probably limit [her] to no more than semiskilled, SVP 4 level work at best." (*Id.* at 76). The ALJ determined that Plaintiff's past relevant work as a caseworker is classified as skill, with an SVP of 7. (*Id.* at 26). The vocational expert determined that Plaintiff's past relevant work would be precluded, but it is unclear to what extent Plaintiff's inability to perform SVP 7 level work affected the vocational expert's decision. (*Id.* at 76-77). In the second hypothetical and without explanation, the ALJ did not include any mention of Plaintiff being unable to perform work at an SVP 7 level. (*Id.* at 77-78).

The Commissioner asserts that Plaintiff's daily activities do not support any work-related mental limitations. (Doc. 15 at 13). Further, Commissioner asserts that Plaintiff acknowledges that she is able to perform routine activities of daily living. (*Id.*). The Commissioner claims that the ALJ properly determined Plaintiff was not limited to following simple instructions and performing simple tasks independently and complex tasks with supervision. (*Id.*).

The problem here is that the ALJ did not explain or provide reasons why he gave great weight to Dr. Bowman's opinion, but he also did not adopt her conclusion that Plaintiff is limited to simple instructions, performing simple tasks independently, and needing supervision to

9

complete complex tasks. Further, the ALJ failed to explain why he thought "SVP [7] level work" would be "out of line" and he would "limit [Plaintiff] to no more than semiskilled SVP 4 level work at best," yet, ignored this finding in the second hypothetical to the vocational expert, which the ALJ ultimately relied upon in determining Plaintiff was capable of returning to her past relevant work. (Tr. at 26, 76-78). Given the ALJ's lack of explanation or reasoning on these points, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his conclusion that Plaintiff has no limitations relating to her mental impairments. *Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).

Accordingly, the Court finds that the ALJ erred in failing either to adopt Dr. Bowman's conclusions in Plaintiff's RFC and present them in a hypothetical to the vocational expert or, in the alternative, explain why he chose not to adopt these findings when determining Plaintiff's RFC. The Court further finds that the ALJ's decision in this regard is not supported by substantial evidence.

**III. Conclusion**

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is supported by substantial evidence as to the issue of consideration of Plaintiff's bilateral knee impairments, but is not supported by substantial evidence as to the consideration of Plaintiff's mental impairments.

Accordingly, it is hereby **ORDERED:**

(1) The decision of the Commissioner is **AFFIRMED in part and REVERSED and REMANDED in part** pursuant to sentence four of 42 U.S.C. § 405(g) for the

Commissioner to reconsider the opinion of Dr. Bowman and in light of her opinion, to reconsider Plaintiff's RFC.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on December 27, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties